T. S. NEAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9333.     Promulgated June 9, 1927.

A corporation, 50 per cent of the stock of which petitioner owned, was not during the calendar year 1921 a personal service corporation and petitioner was not, therefore, entitled to deduct from his gross income any portion of an alleged operating loss sustained by the corporation for that year, and the evidence fails to show that petitioner was entitled to a deduction from gross income of any loss as a result of prior endorsements by him of the corporation's indebtedness represented by money borrowed. The evidence is also insufficient to show that during the year 1921 petitioner sustained losses on personal investments.

*E. W. R. Ewing, Esq.,* for the petitioner.
*J. Arthur Adams, Esq.,* for the respondent.

The Commissioner determined a deficiency of $763.38 for the calendar year 1921. Petitioner claims (1) that a corporation, 50 per cent of the stock of which he owned, was during the calendar year 1921 a personal service corporation and that he was entitled on that account to deduct a portion of an alleged operating loss sustained by the corporation; (2) that even though the corporation may not have been entitled to classification as a personal service corporation, he was entitled, when the corporation was dissolved, to deduct as a loss one-half of the outstanding indebtedness of the corporation on which he was endorser; and (3) that he sustained certain losses from investments.

## FINDINGS OF FACT.

Petitioner is a resident of Orlando, Fla.

In 1919 a corporation known as the Neal Oil Investment Co., Inc., was organized under the laws of Louisiana with principal office at Shreveport. This corporation issued $50,000 par value of the capital stock, each share having a par value of $100. Petitioner received 250 shares and one E. K. Smith received 149 shares. One share was issued to M. C. Pressler to qualify her as a director. Neal and Smith paid no cash into the corporation for stock but gave their promissory notes therefor. These notes were never paid.

This corporation was engaged in buying and selling property and leases on its own account and as a broker in such matters for others on commission. The extent of the activities and business of the corporation during the year 1921 is not very clearly shown. Neal had active management of the affairs and business of the corporation and devoted all of his time to it. E. K. Smith was president of the Commercial National Bank, president of the Youree Hotel Operating Co., an officer of the Federal Reserve Bank at Dallas, Tex., and an officer of the Bill Rowe Oil Co. and its subsidiary companies. He also personally owned the Old Settlers' Oil Co. Smith devoted all of his time to his interests other than in the Neal Oil Investment Co., Inc. He was not regularly engaged in the active conduct of the affairs of the Neal Oil Investment Co., Inc. The Neal Oil Investment Co., Inc., borrowed considerable money from time to time with which to carry on its operations. During the year 1921 the Neal Oil Investment Co., Inc., had outstanding, loans from banks in the amount of approximately $20,000 upon which petitioner and Smith were endorsers.

On December 28, 1921, the stockholders of the Neal Oil Investment Co., Inc., adopted a resolution providing, so far as is material here, as follows:

BE IT RESOLVED by the stockholders of the Neil Oil Investment Company Incorporated, that this corporation be and is hereby dissolved, and the president and secretary-treasurer be and are hereby directed to send copy of this resolution together with the waiver of notice and time by all the stockholders, to the Secretary of State, to the end that the charter may be surrendered in accordance with law.

BE IT FURTHER RESOLVED, that George R. Eaton be and is hereby appointed liquidator to wind up the affairs of said corporation, with full and complete power to do and perform all acts necessary and incident thereto. He shall have power to sell the property, execute the deeds to same in his capacity as liquidator of said corporation. He shall have power to collect its debts, to sue and to be sued, and to do and to perform generally and singularly all acts of every nature and kind which may be exercised by a liquidator under the Constitution and Laws of this State.

BE IT FURTHER RESOLVED, that said corporation, from this moment on, cease to function as a corporation, and it be and is now hereby declared to be in liquidation, as hereinabove provided, and that this resolution and the waiver as aforesaid, be also spread upon the minute book of the stockholders of this corporation.

This resolution was filed and recorded in the office of the Secretary of State of Louisiana on January 2, 1922. George R. Eaton was appointed liquidator of the Neal Oil Investment Co., Inc.

On December 29, 1921, T. S. Neal and E. K. Smith, as parties of the first part, and Robert H. Brothers, as second party, entered into an agreement which provided—

That said parties do hereby and by these presents mutually enter into a co-partnership, the domicile of which shall be Shreveport, Caddo Parish, Louisiana, the purpose of which shall be to conduct an oil and gas and real estate brokerage business and the name of which shall be the Neal Oil Investment Company, all parties hereto owning an equal one-third interest in the assets of said co-partnership and being equally interested in all business conducted by same, such ownership being subject to and governed by the conditions and stipulations hereinafter set forth.

All parties agree that for the purposes of this contract the said co-partnership owns all of the assets of the Neal Oil Investment Company, Inc., as shown by said company's books of date Nov. 30, 1921, which said company is now in process of liquidation, less however, items hereinafter mentioned, it being stipulated and understood that each co-partner owns an equal one-third interest in such assets, or owns, to be more exact, an equal one-third interest in the rights and privileges of the stockholders of the Neal Oil Investment Company, Inc., in and to said assets, subject, of course, to liquidation proceedings. The items deducted and by agreement of all parties not included in the assets of this co-partnership are declared to be as follows, to-wit:

1. Those two certain promissory notes for Sixteen Thousand Six Hundred and no/100 ($16,000.00) Dollars each, dated May 10, 1919, payable to order of Steere-Neal Company, Inc., and due thirty days after demand, one of which notes bears the signature of E. K. Smith and the other of T. S. Neal.

2. All interest in lease or oil, gas and mineral rights in the following described property appearing in the name of the Neal Oil Investment Company, Inc., said interest appearing in said company's name for convenience only and not being actually owned by it, namely that certain oil, gas and mineral lease * * *.

*       *       *       *       *       *       *

All parties hereto further agree that the total indebtedness of the Neal Oil Investment Company, Inc., now in liquidation is approximately Twenty Thousand and no/100 ($20,000.00) Dollars and that the ownership of the co-partnership now being organized of the assets above referred to is subject to said indebtedness, it being stipulated and understood that the proceeds from any sales of said assets and also any net monies received from the brokerage business as now organized and operated shall be applied first to the payment of said indebtedness, First Parties guaranteeing for the purposes of this agreement that the indebtedness of the Neal Oil Investment Company, Inc., does not exceed the sum of Twenty Thousand and no/100 ($20,000.00) Dollars and further binding and obligating themselves in the event such indebtedness

should exceed such sum of Twenty Thousand and no/100 ($20,000.00) Dollars, to personally pay the same, in that way holding Second Party absolutely harmless as to any possible indebtedness in excess of the said stated sum, it being further particularly understood and agreed that Second Party does not assume and is not in any way bound to personally pay any part of the indebtedness of the Neal Oil Investment Company, Inc., but that his one-third interest in the new company and any assets owned by it is hereby sold to him by First Parties for the sum of Six Thousand Six Hundred Sixty Six and 66/100 ($6,666.66) Dollars and, that same is to be paid for out of an equal one-third of the net monies received from sale of any of the properties or assets of the co-partnership and from an equal one-third of any net monies made by said co-partnership in the brokerage business, said payments to be applied first to the payment of the Twenty-Thousand and no/100 ($20,000.00) Dollars indebtedness above referred to, the balance if any going to First Parties equally, it being particularly understood and agreed, however, that Second Party is not personally obligated for the payment of the purchase price above set forth save and except in the manner stipulated namely, from one-third of the net monies received from sale of assets and from one-third of net monies received from brokerage business, Second Party's ownership and interest being in suspense until the entire sum of Six Thousand Six Hundred Sixty-six and 66/100 ($6,666.66) Dollars is fully paid.

\* \* \* It is further stipulated, however, that Second Party shall handle in connection with George R. Eaton, liquidator, the sale of the properties of the Neal Oil Investment Company, Inc. now in process of liquidation, it being contemplated that said parties will advise with one another in the matter of handling said assets to the best interest of all concerned.

### OPINION.

LITTLETON: The evidence shows that the Neal Oil Investment Co., Inc., was engaged in trading as a principal, that considerable capital, either borrowed or invested, was used, and that the owner of 49 per cent of its capital stock was not regularly engaged in the active conduct of the business of the corporation. It was not, therefore, a personal service corporation and petitioner was not entitled to any deduction from his income on account of whatever operating loss the corporation may have sustained. Petitioner claims that even though the Neal Oil Investment Co., Inc., may not have been a personal service corporation within the meaning of the statute he was nevertheless entitled to deduct from his gross income as a loss certain indebtedness of the corporation for which he, as endorser, was liable when the corporation was dissolved. The evidence is insufficient to show that petitioner was entitled to any deduction in this regard. At the end of 1921 the corporation was in process of liquidation. The stockholders paid no cash in to the corporation for their stock. The corporation had considerable assets at the time the dissolution resolution was adopted and recorded in the office of the Secretary of State and the two stockholders formed a partnership with Brothers to take over the assets of the corporation and to continue

business theretofore carried on by the Neal Oil Investment Co., Inc. There is no evidence as to the value of these assets. When the corporation became dissolved these assets became the property of the petitioner and the other stockholder. From a consideration of the entire record the Board is unable to find that petitioner sustained a deductible loss even if it were held that the corporation was finally dissolved in 1921.

Petitioner further claims that in 1921 he sustained losses totaling $16,502.50 on personal investments in land, leases, oil stocks, and royalty interests, but there is no sufficient evidence in the record from which the Board can determine, as a fact, what losses, if any, he sustained in 1921 in this regard.

*Judgment will be entered for the respondent.*